## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LORNA NORRIS,
     Plaintiff,

     v.

GENERAL ELECTRIC EMPLOYEES
FEDERAL CREDIT UNION,
     Defendant.

No. 3:19-cv-741 (SRU)

## RULING ON DISCOVERY MOTIONS

On May 15, 2019, Lorna Norris filed this consumer credit action against General Electric Employees Federal Credit Union ("GE Credit Union"), asserting violations of the Equal Credit Opportunity Act, Connecticut Creditors' Collection Practices Act, and Connecticut Unfair Trade Practices Act.  A contentious discovery process followed.

Now before me is Norris's motion to compel documents that have been withheld on the basis of privilege (doc. no. 42) and Norris's motion to remove GE Credit Union's confidentiality designations from certain documents (doc. no. 50).

For the reasons that follow, the motions are **denied**.

## I.    Discussion

### A.  Motion to Compel (Doc. No. 42)

Norris first moves to compel the production of five documents described on GE Credit Union's privilege log, which have been submitted for *in camera* review.

Where, as here, there is federal question jurisdiction, district courts apply federal common law when assessing whether communications are entitled to protection under the attorney-client privilege.  *See Polk v. Sherwin-Williams, Co*., 2018 WL 2538967, at *2 (D. Conn.

June 4, 2018).  The attorney-client privilege protects from disclosure "(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice."  *Id.* (citation omitted).  The party invoking the privilege bears the burden of establishing "facts that are the essential elements of the privileged relationship."  *Id.*

The documents in question are e-mails between Elsie Vrabel of GE Credit Union and Attorney James Winkel, dated from September 12, 2018 through February 12, 2019.  GE Credit Union's privilege log generally describes the e-mails as (1) "[e]mail from client to counsel regarding Lorna Norris' debt and account in connection with lawsuit against Ms. Norris" and (2) "[e]mails between client and counsel regarding status of account, events leading up to service, obtaining information from the client for complaint, and lawsuit against Lorna Norris."  *See* Doc. No. 42-1, at 8.

Based on those descriptions and my review of the documents, I conclude that GE Credit Union has properly invoked the attorney-client privilege.  In the e-mails at issue, Attorney Winkel is seeking information to prepare a complaint for a debt collection lawsuit and Vrabel is supplying that information.  Factual investigations of that nature fall squarely within the confines of the privilege.  *See Polk v. Sherwin-Williams, Co.*, 2018 WL 2538967, at *2 (D. Conn. June 4, 2018) ("The privilege protects not only the advice of the attorney to the client, but also the information communicated by the client that provides a basis for giving advice.") (citation omitted); *Buck v. Indian Mountain Sch.*, 2017 WL 421648, at *4 (D. Conn. Jan. 31, 2017) ("[F]actual investigations performed by attorneys as attorneys fall comfortably within the protection of the attorney-client privilege.") (emphasis omitted).  Indeed, as the Supreme Court observed in its seminal decision, *Upjohn Co.  v. United States*, "the privilege exists to protect not

2

only the giving of professional advice to those who can act on it but also the giving of

information to the lawyer to enable him to give sound and informed advice.  The first step in the

resolution of any legal problem is ascertaining the factual background and sifting through the

facts with an eye to the legally relevant."  449 U.S. 383, 390–91 (1981) (citations omitted).

Norris's blanket assertion that the attorney-client privilege does not apply to collection

lawsuits is contrary to the privilege's principles.  Whether a communication is privileged is

a fact-specific inquiry that rests on the factors articulated above and does not depend on the type

of the litigation at issue.  *Avoletta v. Danforth*—a case on which Norris principally relies—does

not suggest otherwise and is inapposite at any rate.  *See* 2012 WL 3113151 (D. Conn. July 31,

2012).  There, Magistrate Judge Holly B. Fitzsimmons rejected the defendant's claims of

privilege because there was "no way to assess what parts of the documents may be protected by

the attorney-client privilege."  *Id.* at *2.  The defendants did not provide the disputed documents

for the court's review, nor did they include any details of the documents in their privilege log.

*Id*.  GE Credit Union, by contrast, submitted the documents for *in camera* review and provided

descriptions of the documents in its privilege log.  Moreover, several of the documents in

*Avoletta* "relate[d] to defendants' actions solely as a collections agent."  *Id.*  There is no

indication here that Attorney Winkel was employed by a collection agency or that any of the e-

mails pertain to actions he took solely in the capacity of a collection agent.

Norris's reliance on *Hallmark v. Cohen & Slamowitz*, 300 F.R.D. 110 (W.D.N.Y. 2014),

is likewise misplaced.  In that case, the documents at issue were not communications between

counsel and a client discussing facts that counsel needed to file a lawsuit, as here.  Instead, the

disputed documents consisted of a service agreement and a company manual, which were

provided to a debt collection firm "for the express and primary purpose of facilitating [the debt

collection firm's] debt collection activity . . . and not for the purpose of obtaining legal advice or services." *Id*. at 112–13.

Lastly, although a party may not protect facts from discovery by including them in a communication between client and counsel, an otherwise privileged communication does not lose the protection of privilege merely because it conveys facts. *See Upjohn Co.*, 449 U.S. at 395–96 (discussing that the privilege protects the "disclosure of communications"); *Gen. Elec. Co. v. United States*, 2015 WL 5443479, at *1 (D. Conn. Sept. 15, 2015) ("[I]nformation communicated to an attorney in connection with obtaining or rendering legal advice is properly subject to a claim of privilege, even if the information standing alone would not otherwise be subject to a claim of privilege."). Thus, although the communications at issue here are privileged, the facts conveyed in those communications are independently discoverable (e.g., by interrogatory or deposition).

For the foregoing reasons, the motion to compel is **denied**.

B.   <u>Motion for Relief from Confidentiality Designations (Doc. No. 50)</u>

Norris next moves to remove the confidentiality designations that GE Credit Union assigned to one of its policy documents and two deposition transcripts. *See* Doc. No. 50. GE Credit Union opposes the motion, principally on the grounds that Norris refused to meet and confer and that the confidentiality designations are proper.[1]  *See* Doc. No. 54.

At the start, I note that my standing protective order does impose an obligation to meet and confer with respect to designation disputes, contrary to Norris's assertion. The order instructs in, in relevant part:

---

[1] Because I already ruled on GE Credit Union's motion to strike Norris's motion for relief from confidentiality designations (doc. no. 51), I do not recite its arguments relating to that motion here.

> A party may submit a request in writing to the party who produced
> Designated Material that the designation be modified or withdrawn.  If the
> Designating Person does not agree to the redesignation within fifteen
> business days, the objecting party may apply to the Court for relief.  Upon
> any such application, the burden shall be on the Designating Person to
> show why the designation is proper. *Before serving a written challenge,*
> *the objecting party must attempt in good faith to meet and confer with the*
> *Designating Person in an effort to resolve the matter.*

Doc. No. 4, at ¶ 11 (emphasis added).  Moreover, District of Connecticut Local Rule 37 provides

that "[n]o motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel

making the motion has conferred, in person or by telephone, with opposing counsel and discussed the

discovery issues between them in detail in a good faith effort to eliminate or reduce the area of

controversy, and to arrive at a mutually satisfactory resolution."  D. Conn. L. Civ. R. 37(a); *see also*

*J-Square Mktg., Inc. v. Sipex Corp.*, 1999 WL 608817, at *6 (D. Conn. Aug. 9, 1999)

(concluding that the plaintiff failed to comply with the district's meet and confer requirement

when the plaintiff moved to strike portions of the defendants' confidentiality designations before

conferring with the defendants' counsel).

 The correspondence attached to GE Credit Union's opposition evinces that Norris's

counsel rejected multiple requests to meet and confer.  After receiving Norris's redesignation

demands via e-mail, GE Credit Union offered to meet and confer; Norris's counsel responded

that there was no meet and confer requirement and reiterated her request for GE Credit Union to

withdraw the confidentiality designations.  *See* Doc. No. 54-2, at 3.  GE Credit Union replied,

agreeing to remove some designations but declining to remove others and offering once again to

meet and confer.  *Id.* at 2.  About forty minutes later, at 11:14 a.m., Norris's counsel wrote:  "I

will go ahead . . . unless you let me know which depo pages you release from confidentiality, by

noon today."  *Id.* at 2–3.  Norris filed the instant motion the following day.  That exchange in no

way reflects a good faith effort to resolve a discovery dispute; an exchange of e-mails does not satisfy the meet and confer requirement.

In an affidavit appended to the motion, Norris's counsel purports to demonstrate that the meet and confer requirement was satisfied. *See* Doc. No. 50-1. The affidavit provides that a "meet and confer" took place with respect to the policy document at issue but offers no details of that meeting. *Id.* at 1. The affidavit states, further, that Norris's counsel requested that the parties wait to designate one of the deposition transcripts until after reviewing the transcript—a request Norris is not advancing here. *Id.* Finally, with respect to other deposition transcript in question, the affidavit points to portions of the transcript in which Norris's counsel and opposing counsel are arguing briefly, and at a very high level of generality, about whether the information discussed was confidential. *Id.* Norris's counsel fails to demonstrate how any of those discussions satisfied her obligation to confer about the redesignation requests "in detail" and "in a good faith effort to eliminate or reduce the area of controversy." D. CONN. L. CIV. R. 37(a).

For the above reasons, the motion for relief from confidentiality designations is **denied without prejudice** to refiling after the parties meet and confer in good faith.[2]

## II.    Conclusion

The motion to compel (doc. no. 42) is **denied**, and the motion for relief from confidentiality designations (doc. no. 5) is **denied without prejudice**.

So ordered.

Dated at Bridgeport, Connecticut, this 22nd day of October 2020.

---

[2] Because Norris failed to comply with her obligation to meet and confer in good faith, I do not address whether the documents were properly designated as confidential.

6

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge