UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORNA NORRIS,  :  <br>  :  <br>*Plaintiff*,  :  <br>  :  <br>v.  :  <br>  :  <br>GENERAL ELECTRIC EMPLOYEES  :  <br>FEDERAL CREDIT UNION,  :  <br>  :  <br>*Defendant*.  :  | CASE NO. 3:19-cv-00741-SRU <br><br><br><br><br><br><br>DECEMBER 17, 2020 |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SEAL**

Defendant cannot imagine or understand why Plaintiff opposes the Motion to Seal that GEEFCU submitted in an effort to protect the Plaintiff's own sensitive information. Exhibits B, C, and E to GEEFCU's Local Rule 56(a)(1) Statement of Facts are documents related to the Plaintiff's credit account at GEEFCU. Appreciating the sensitive nature of such information and preferring not to display it on the public docket, GEEFCU moved the Court to seal those documents and eliminate the risk. The Court should grant GEEFCU's Motion to Seal.

In its memorandum of law in support of the Motion to Seal, GEEFCU stated that the exhibits it sought to seal contained Plaintiff's "account number and other sensitive personal information." (Doc. No. 61-1 at 2.) This "other sensitive personal information," which is contained in Exhibit E, includes Plaintiff's social security number, Plaintiff's address, Plaintiff's account numbers associated with other accounts, and the address of one of Plaintiff's relatives. Moreover, all of the exhibits contain Plaintiff's account number.

In *Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015), the Court found the "privacy interests in individuals' personal

1

information . . . to be 'competing considerations' sufficient to rebut the common-law presumption of access." The personal information in that case included email addresses, account usernames, and telephone numbers. *See id.* Here, GEEFCU is seeking to seal documents containing Plaintiff's credit account numbers, social security number, and address, as well as the address of one of her relatives. This information is much more sensitive than what was before the court in *Mark* and, therefore, the Court should conclude that GEEFCU has rebutted the presumption of access.

As noted above, GEEFCU is well aware of the risks associated with exposing one's account and other sensitive information to the general public. Risks of identity theft and other forms of fraud are compelling reasons to seal the exhibits, and it is unclear to GEEFCU why Plaintiff opposes GEEFCU's efforts to protect her sensitive information. Moreover, GEEFCU wishes to avoid violating any Federal Rules regarding the disclosure of personally identifiable/sensitive information. Accordingly, GEEFCU respectfully requests that the Court grant its Motion to Seal.

Respectfully Submitted,

THE DEFENDANT,
GENERAL ELECTRIC EMPLOYEES FEDERAL CREDIT UNION

By  /s/ Thomas C. Blatchley
Thomas C. Blatchley
Andrew D. Bullard
Gordon & Rees Scully Mansukhani, LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033
Phone: 860-494-7525
Fax: 860-560-0185
Email: tblatchley@grsm.com
Email: abullard@grsm.com

**CERTIFICATION**

      I hereby certify that on this 17th day of December, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filings.  Parties may access this filing through the Court's CM/ECF System.

          */s/ Thomas C. Blatchley*
          Thomas C. Blatchley